(December 18, 1899.)

## COFFIN v. RICHARDS, MAYOR.

[59 Pac. 562.]

FUNDING BONDS—DESCRIPTION REQUIRED—SUBMISSION OF QUESTION TO ELECTORS.—Where it is proposed to call an election for the purpose of submitting to the electors of any town or city the question of issuing bonds for the funding of an existing indebtedness of such town or city, and the ordinance providing therefor does not describe the indebtedness sought to be funded, as prescribed by section 2 of the act of February 2, 1899, all proceedings thereunder are invalid.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

C. C. Cavanah, for Appellants.

The act governing the proceedings of the defendants in endeavoring to submit to the legal voters of Boise City, the proposition of funding the outstanding indebtedness of said city by the issue and sale of municipal funding bonds recites certain steps to be taken by the defendants. (Sess. Laws 1899, p. 29.) We maintain that the provisions of the statute in question are merely directory, as it only prescribes the mode and manner to be pursued by the mayor and council when in presenting to the people the question of funding an outstanding indebtedness of said city. (Sutherland on Statutory Construction, 573; *Reed v. Supervisors of Henry Co.,* 31 Gratt. 695; *Packwood v. Kittitas Co.,* 15 Wash. 88, 55 Am. St. Rep. 875, 45 Pac. 640; *Richards v. Klickitat Co.,* 13 Wash. 509, 43 Pac. 647; *Seymour v. City of Tacoma,* 6 Wash. 427, 33 Pac. 1059; *State ex rel. Mullen v. Doherty,* 16 Wash. 382, 58 Am. St. Rep. 39, 47 Pac. 958; *Brand v. Town of Lawrenceville,* 104 Ga. 486, 30 S. E. 954; *Derby & Co. v. City of Modesto,* 104 Cal. 515, 38 Pac. 900; *State ex rel. Bennett v. Barber,* 4 Wyo. 56, 32 Pac. 14.) Affirmative words make a statute directory, and negative or exclusive words make it imperative. (*Attorney General v. Baker,* 9 Rich. Eq. 521.) The notice is generally required to specify the purpose to promote which the

bonds are proposed to be issued. In designating this purpose, it is not essential to go into minute details. It is sufficient to state its general character, provided there is nothing in the statement tending to substantially mislead the voters. (*People v. Counts,* 89 Cal. 15, 26 Pac. 612; 6 Am. & Eng. Ency. of Law, 325; McCrary on Elections, 3d ed., sec. 190; *State v. Van Camp,* 36 Neb. 9, 91, 54 N. W. 119.)

N. M. Ruick, for Respondent.

The statute under which it is proposed to issue these bonds, and the only one authorizing an issue of bonds by a city "to provide for the funding, refunding, purchase and redemption of the outstanding indebtedness of such city," is the re-enacted statute found at page 29, Laws of 1899. The issue of municipal bonds is ordinarily authorized upon certain conditions being complied with. Such conditions may be imposed by constitutional provisions, by legislative act, or by the municipal authorities. Conditions imposed by the constitution or legislature must be strictly complied with. (15 Ency. of Law, 1271; *Leavenworth etc. R. R. Co. v. Platte Co.,* 42 Mo. 171; *Essex Co. R. Co. v. Lunenberg,* 49 Vt. 143; *Town of Eagle v. Kohn,* 84 Ill. 292.) Compliance with all substantial or material conditions is essential before the bonds can be lawfully issued. (*Harding v. Railroad Co.,* 65 Ill. 90; Dillon on Municipal Corporations, secs. 163, 164; *Jackson v. Brush,* 77 Ill. 59; *Gaddis v. Richmond Co.,* 92 Ill. 119.) Such provisions are mandatory, and must be strictly followed. (Cooley's Constitutional Limitations, 88 et seq.; Sutherland on Statutory Construction, secs. 454-456; Endlich on Interpretation of Statutes, sec. 437 et seq.; *Corbett v. Bradley,* 7 Nev. 106; *Reeve v. City of Oshkosh,* 33 Wis. 477; *State Prison Agt. v. Lathrop,* 1 Mich. 438; *Hoyt v. Saginaw,* 19 Mich. 39, 2 Am. Rep. 76; *People v. San Francisco,* 36 Cal. 595; *Dunbar v. Board,* 5 Idaho, 407, 49 Pac. 412.) That issue and sale of these bonds would be the incurring of indebtedness, and the statute under which it is proposed to issue them so treats it. (Laws 1899, p. 30, sec. 2, last clause; *Bannock Co. v. Bunting,*

4 Idaho, 156 37 Pac. 279.)    Notice must be given as required
by statute, even where the object of the issuance of the bonds
is to take up outstanding warrants bearing a higher rate of
interest.    (*Duryee v. Friars,* 18 Wash. 55, 50 Pac. 583.)    The
notice required by law must be given or the issue of the bonds
will be enjoined.    (15 Ency. of Law, 1276; *George v. Town-
ship of Oxford,* 16 Kan. 72; *Harding v. Railroad Co.,* 65 Ill.
90; *Bowen v. Mayor of Greenboro,* 79 Ga. 709, 4 S. E. 159.)

HUSTON, C. J.—The plaintiff brings this action to enjoin
the issuance of certain bonds authorized to be issued by the
mayor and common council of Boise City under and by virtue
of an act of the legislature of Idaho, approved February 2,
1899.    To the complaint of the plaintiff the defendants in-
terposed a general demurrer, which was overruled by the court
and defendants refusing to further answer, judgment was en-
tered by the district court in favor of the plaintiff and against
defendants, granting the injunction prayed for.    From such
judgment this appeal is taken.

Section 2 of the act of February 2, 1899, above referred to,
provides, *inter alia,* that "whenever the common council of such
city or the trustees of such town, or other legislative body of
any such city or town, shall deem it advisable to issue the
coupon bonds of such city or town, for any of the purposes
aforesaid, the mayor and common council of such city or the
trustees of such town shall provide therefor by ordinance, which
shall specify the purpose of issuing such proposed bonds;
if it is to create a new debt, the object thereof must be stated,
or if it is to fund or refund any existing indebtedness, it must
be described; and when it consists of warrants or other se-
curities, they must be described by giving their number, date
and amount, and the fund out of which the same, according
to the terms thereof, are payable; and the ordinance shall
declare the purpose and the total amount for which such bonds
shall be issued," etc.    On the eleventh day of April, 1899, the
mayor and common council passed a resolution containing the
following: "Be it further resolved, that the purpose of issuing

of said municipal funding bonds is to fund the outstanding indebtedness of said Boise City other than municipal bonds. That the total amount for which bonds shall be issued is $55,000." It is contended by the respondent that this is not a compliance with the requirements of section 2 of the act of February 2, 1899, which requires that, in the ordinance submitting the question of the issuing of bonds "to the qualified electors, who are taxpayers of such city or town," where the object is "to fund or refund any existing indebtedness, it must be described," etc. The only description in the ordinance is the very general one, "that the purpose of issuing of said municipal funding bonds is to fund the outstanding indebtedness of said Boise City, other than municipal bonds"; and this statement is not helped out by the allegations of the complaint, even were we allowed in this case to resort thereto. Certainly the legislature meant something when they enacted section 2 of the act of February 2d, and we are not at liberty to ignore their action. It is contended by appellant that the provisions of section 2 of the act of February 2d are merely directory and that therefore a failure to comply with them is not fatal. It is not necessary for us to hold that a perfectly literal compliance with all the details of said act is necessary, but in this case there has not even been an attempt to substantially comply with them. It is impossible to tell from the ordinance or resolution what the nature or character of the indebtedness sought to be funded is. It is simply "the outstanding indebtedness of said Boise City other than municipal bonds." In *Dunbar v. Board,* 5 Idaho, 407, 49 Pac. 409, we said: "In such cases [the funding of existing indebtedness] we will not say that the proposed issue of bonds is legal unless it affirmatively appears by the record that all of the provisions of our constitution and statutes in force relating to the subject matter have been complied with"; and to the like effect was the holding of this court in *Bannock Co. v. C. Bunting & Co.,* 4 Idaho, 156, 37 Pac. 277. We could hardly, in the face of these decisions, sustain the contention of appellants herein. While we may admit that there are cases wherein a

strict compliance with all the details of a statute need not be insisted upon, so long as the ultimate purpose of the statute is accomplished without fraud or injury to anyone we cannot so stretch the rules of construction as to ignore entirely the positive and express provisions of the statute. The judgment of the district court is affirmed, with costs to respondent.

Quarles and Sullivan, JJ., concur.